O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STACY A. ROBERTS, | ) | Case No. ED CV 04-893 AN |
| Plaintiff, | ) | MEMORANDUM AND ORDER |
| v. | ) | |
| JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) ) ) | |
| Defendant. | ) | |

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. Pursuant to the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS").

The relevant background facts are familiar to both parties and Plaintiff has stipulated that the decision of the Administrative Law Judge ("ALJ") fairly and accurately summarizes the hearing testimony and medical evidence in the record except as noted in his contentions.

In the JS, Plaintiff contends the ALJ erred by: (1) ignoring the opinion of a lay

1  witness; and (2) relying on the Medical-Vocational Guidelines ("Grids").  The
2  Commissioner disagrees.
3      After reviewing the parties' respective contentions and the record as a whole, the
4  Court finds Plaintiff's contentions lack merit and are rejected for the reasons expressed
5  by the Commissioner in her portions of the JS and the following reasons.
6      Plaintiff contends that the ALJ erred in rejecting the opinion of Plaintiff's friend,
7  Beverly Johnson, regarding Plaintiff's alleged mental impairment.  [JS 3-4.]  In an
8  unsworn third-party daily activities questionnaire, Ms. Johnson indicated that Plaintiff
9  has difficulty with his memory and concentration, and that he "stops in the middle of
10 doing something and has to be reminded."  [AR 65.]  ALJ's are only required to give
11 germane reasons for rejecting a lay witness's testimony about a claimant's symptom that
12 is given under oath.  *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)(explaining
13 that the ALJ is generally required to give reasons "germane to each witness" before
14 rejecting lay witness testimony).  Because Ms. Johnson's opinion and statements about
15 Plaintiff's symptoms were unsworn, the ALJ did not err in giving any reasons for
16 rejecting Ms. Johnson's opinion and statements.  Further, even if it is assumed that he
17 was required to give some germane reasons, his failure to do so constitutes a harmless
18 error because the medical evidence supported the ALJ's decision that Plaintiff did not
19 suffer from a severe mental impairment.  *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th
20 Cir. 1984)(holding that ALJ's failure to discuss lay testimony did not require reversal
21 because the medical evidence supported the ALJ's decision that the plaintiff was not
22 disabled); *cf. Dodrill*, *id*.
23     In evaluating Plaintiff's mental impairment, the ALJ properly relied on the opinion
24 of the consultative psychiatrist, Reynaldo Abejuela, M.D.  [AR 11, 120-25].  Dr.
25 Abejuela found that, absent drug and alcohol abuse, Plaintiff had no severe restrictions
26 in a variety of areas, including: daily activities; social functioning; concentration,
27 persistence and pace; interactions with co-workers, supervisors, and the public; the
28 ability to understand, carry out, and remember simple and complex instructions; and the

ability to respond to work situations and changes in a routine work setting. [AR 125.] Given the weight of Dr. Abejuela's opinion, the ALJ's failure to explain his rejection of Ms. Johnson's statement was nothing more than harmless error. *Vincent*, 739 F.2d at 1395; *see also Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989)(consultative physician's opinion constitutes substantial evidence when it is based on independent clinical findings).

Plaintiff's challenge to the ALJ's use of the Grids is also without merit. Although Plaintiff claims he suffers from nonexertional limitations, such as pain and difficulty with concentration and memory, the ALJ determined that such nonexertional limitations did not significantly affect his ability to work. The ALJ disbelieved Plaintiff's excessive pain testimony and found that Plaintiff did not suffer from a severe mental impairment. [AR 11-12.] Given the evidence showing that Plaintiff's nonexertional limitations were mild, if not doubtful, the ALJ's application of the Grids to make a finding of not disabled was appropriate. *See Tackett v. Apfel,* 180 F.3d 1094, 1102 (9th Cir.1999)(explaining that the Grids will be rendered inapplicable only if the nonexertional impairment is sufficiently severe); *see also Desrosiers v. Secretary of Health and Human Serv.*, 846 F.2d 573, 577 (9th Cir. 1988)(noting that a claimant cannot "circumvent the guidelines simply by alleging the existence of a non-exertional impairment, such as pain, validated by a doctor's opinion that such impairment exists").

Accordingly, the Court finds the ALJ's determination of non-disability is free of legal error and supported by substantial evidence in the record. Therefore, Plaintiff's request for an order directing the payment of benefits or remanding this case for further proceedings is DENIED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is GRANTED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED: October 20, 2005        /s/ Arthur Nakazato
                                ARTHUR NAKAZATO
                                UNITED STATES MAGISTRATE JUDGE